|   |
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH DEENE LINDELL,

  Plaintiff,

  v.

STATE OF WASHINGTON *et al*.,

  Defendants.

Case No. C07-5025FDB

ORDER TO SHOW CAUSE

This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff was given leave to proceed *in forma pauperis*. Review of plaintiff's proposed complaint in this matter is difficult. Plaintiff is challenging either, an on going criminal proceeding, or an ongoing civil commitment. Plaintiff speaks of a charge and a VUCSA violation, charges, and a probable cause statement, (Dkt. #1, proposed complaint). He also mentions medication against his will, and incompetence (Dkt # 1, proposed complaint). Plaintiff's current address is Western State Mental Hospital. The proposed complaint is 36 pages long and is not a model of clarity.

The court now **ORDERS PLAINTIFF TO SHOW CAUSE** why this action should not be dismissed prior to service.

ORDER

When a person is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

Plaintiff has not indicated he has received relief in habeas corpus. At the current time it appears he fails to state a claim. Plaintiff should show cause why this action should not be dismissed for failure to state a claim on or before **March 2, 2007.** The Clerk is directed to send plaintiff a copy of this to plaintiff and note the **March 2, 2007,** due date on the court's calendar.

DATED this 2, day of February, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER