UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH DEENE LINDELL,<br><br>                     Plaintiff,<br><br>           v.<br><br>STATE OF WASHINGTON *et al.*,<br><br>                     Defendants. | Case No.  C07-5025FDB<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR:**<br>**March 30, 2007** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  The court has screened this complaint and entered an Order to Show Cause.  After review of the entire file, the court recommends the complaint be dismissed prior to service for failure to state a claim and failure to exhaust administrative remedies.

## FACTS

Plaintiff names the State of Washington, a Superior Court judge, the Pierce County Prosecutor, The Pierce County Jail, and jail staff in his complaint (Dkt. #6) After reviewing the entire file, the court recommends this action be dismissed prior to service for failure to state a claim and failure to exhaust administrative remedies.

The original complaint in this action is 36 pages long and is difficult to interpret.  Plaintiff mixes concepts from the Uniform Commercial Code and the United States Constitution into a complex, often incomprehensible, document. Plaintiff is challenging an on going criminal proceeding, and his placement at Western State Hospital.  Plaintiff mentions VUCSA violation, charges, and a probable cause statement,

REPORT AND RECOMMENDATION
Page - 1

(Dkt. #6, proposed complaint).  He also mentions medication against his will, and incompetence (Dkt # 6, proposed complaint).  Plaintiff's current address is Western State Mental Hospital.  From this information in the complaint the court concludes plaintiff is challenging his ongoing criminal proceedings.

## DISCUSSION

When a complaint fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A.  Ongoing proceedings.

Here, plaintiff is challenging ongoing criminal proceedings and placement at Western State Hospital because of competency issues.  Generally, the federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate.  See Younger v. Harris, 401 U.S. 37, 45- 46 (1971);  see also Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger  abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding;  (2) implication of an important state interest in the proceeding;  and (3) an adequate opportunity to raise federal questions in the proceedings).

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.  Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir.1972).  See Carden v.

Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied,  449 U.S. 1014 (1980).  Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently in violation of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. Younger, 401 U.S. at 46, 53-54.

In his complaint, plaintiff alleges there is a VUCSA charge against him, and he raises the issues of charges and a probable cause statement (Dkt. # 6).  Plaintiff also complains of medication being administered against his will, and of his placement in Western State Hospital (Dkt. # 6).  Again, these issues are in connection with his criminal proceedings and are currently before the Pierce County Superior Court, Judge Warswick.  The Younger abstention doctrine applies to the majority of this action.  Younger v. Harris, 401 U.S. 37 (1971)

B.    Dental care and the exhaustion doctrine.

The court has considered the 40 pages of "proposed exhibits" filed by the plaintiff (Dkt. # 4).  The majority of these exhibits are simply self serving statements or observations made by the plaintiff.  Plaintiff does, however, complain of dental health services (Dkt. # 4, pages 33 and 34).  This issue is not raised in the original complaint.  Plaintiff admits in the original complaint the grievance system has not been exhausted (Dkt. # 6).

On February 2, 2007, the court entered an Order to Show Cause.  Plaintiff has responded, (Dkt. # 8).  The response does not address the court's concerns in any meaningful way.  Plaintiff also filed a letter with the court on March 1, 2007 (Dkt. # 9).  In his letter he again brings up the subject of dental health services and indicates he is experiencing tooth pain (Dkt. # 8).  Attached to the letter is a grievance document from the Pierce County Jail that clearly states there is at least one more level of appeal before the grievance system is exhausted (Dkt. # 9).

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court.  The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, plaintiff filed this action while incarcerated and the act applies to him. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" <u>Porter v. Nussle</u>, 534 U.S. 516 (2002) (quoting <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)). The <u>Porter</u> Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." <u>Porter</u>, 534 U.S. at 520.

Plaintiff admits in the complaint that he has failed to exhaust available remedies prior to filing this action. (Dkt. # 1). Further, the grievance he attached to his letter shows the process is not complete. Accordingly, his complaints about dental services, which are not mentioned in the complaint itself, should be not be considered.

## CONCLUSION

Plaintiff's attempts to challenge his ongoing criminal case and placement in Western State Hospital should not be considered at this time as there is an ongoing criminal prosecution. Complaints concerning dental care are not exhausted. This action should be **DISMISSED WITHOUT PREJUDICE**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 30, 2007**, as noted in the caption.

DATED this 13 day of March, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 4